UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADRIAN ALBERTO GONZALEZ
GONZALEZ,

        Petitioner,

v.

        Case No. 3:26-cv-280-MMH-LLL

WARDEN, et al.,

        Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Adrian Alberto Gonzalez Gonzalez, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1) on February 10, 2026. He is proceeding on a Second Amended Petition (Doc. 8; Amended Petition) filed on March 16, 2026. On April 20, 2026, the Federal Respondents (Todd M. Lyons, Todd Blanche,[1] and the U.S. Attorney for the Middle District of Florida) filed a Response to Second Amended Petition for Writ of Habeas Corpus (Doc. 14; Response). Respondent Warden Florida Baker Correctional Institute filed a Motion to Dismiss (Doc. 13; Motion to Dismiss), arguing he is not a proper respondent in this case.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche is automatically substituted for Pamela Bondi.

Gonzalez filed a counseled Reply (Doc. 15; Reply) and a Response to the Motion to Dismiss (Doc. 16). This case is ripe for review.

## II. Background

According to Gonzalez, he is a citizen of Cuba who lawfully entered the United States on October 22, 2024, and upon inspection by U.S. Immigration and Customs Enforcement (ICE), he was granted parole. Amended Petition at 1, 5. Gonzalez contends that his "parole was administratively terminated prematurely as a result of the U.S. President's executive order issued on January 20, 2025." Id. at 5. Although Gonzalez is pursuing lawful permanent resident status, on January 12, 2026, ICE detained him at a Customs and Border Patrol office in Orlando, Florida when he arrived "to retrieve belongings of another person who had been taken into custody." Id. Gonzalez alleges that he has not been afforded a bond hearing or any individualized custody determination. Id. at 6.

## III. Analysis

The underlying premise of Count Two in the Amended Petition is that Gonzalez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

See Amended Petition at 8-9; Reply at 6-7.[2] As relief, he seeks, inter alia, immediate release. Amended Petition at 11.

The Federal Respondents argue that this Court lacks jurisdiction over Gonzalez's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 14. The Federal Respondents further recognize that this Court has previously rejected these same arguments in similar circumstances. See id. at 11 (citing Gomez-Pena v. Sec'y, Dep't of Homeland Sec., No. 3:25-cv-1287-MMH-MCR, 2026 WL 83980 (M.D. Fla. Jan. 12, 2026); Ortiz v. Noem, No. 3:25-cv-1386-MMH-MCR, 2025 WL 3653217 (M.D. Fla. Dec. 17, 2025)).

Upon review, the Court finds that its previous opinions on these issues apply with equal force to this case. See Valencia v. Noem, No. 3:26-CV-297-MMH-PDB, 2026 WL 730318 (M.D. Fla. Mar. 16, 2026); see, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL

---

[2] Because the Court finds that Gonzalez is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

900145 (M.D. Fla. Apr. 2, 2026).[3] Indeed, the Court is satisfied it has jurisdiction over Gonzalez's claims; further administrative exhaustion would be futile; and given that Gonzalez has been residing here for some time following the termination of his parole, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and release is the appropriate remedy.[4]

Accordingly, it is

**ORDERED**:

1.     Gonzalez's Second Amended Petition for a Writ of Habeas Corpus (Doc. 8) is **GRANTED**. Respondents shall release Gonzalez **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[3] The circuit split predicted in these decisions has now materialized. On April 28, 2026, the Second Circuit Court of Appeals disagreed with the Fifth and Eighth Circuits, holding that "Section 1225(b)(2)(A) does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." Cunha v. Freden, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026).

[4] Insofar as Gonzalez requests attorney's fees, he may make such a request in a separate motion, if appropriate. See Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

2.     Respondent Warden Florida Baker Correctional Institute's Motion to Dismiss (Doc. 13) is **DENIED**. <u>See, e.g.</u>, <u>Fonseca</u>, 2026 WL 1072778, at *4-5.

3.     The **Clerk** is directed to terminate any pending motions, enter judgment granting the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 5/4
c:
Counsel of Record

5